## Caroline R. Hepp, Appellee, v. McAvoy Brewing Company, Appellant.

### Gen. No. 17,098.

1. NEGLIGENCE—*injury to pedestrian.* A verdict in favor of a woman injured by being run upon by a wagon of the defendant while she was crossing a street at the rear of a car from which she had alighted is not against the manifest weight of the evidence where it appears from uncontradicted evidence that the driver, knowing that persons were alighting, drove his team on the opposite track at a rate of speed estimated at from five to fifteen miles an hour, and that the plaintiff on alighting looked about her but did not see the team approaching.

2. NEGLIGENCE—*duty of drivers towards pedestrians.* An instruction that it is the duty of drivers on approaching a place in the street where the circumstances are such that a reasonably careful and prudent driver ought reasonably to anticipate the appearance of persons on the street in front of him, to exercise such a degree of care and watchfulness as is proportionate to the danger that ought to be anticipated by a reasonably careful and prudent driver, and that this duty is required independently of any city ordinance as to speed, is proper.

3. INSTRUCTION—*assuming facts.* An instruction assuming a fact that is contradicted by the evidence is properly refused.

4. NEGLIGENCE—*injury to pedestrian.* An instruction to the effect that defendant would not be liable for injuries sustained by a person, run down by its wagon, if the team was being driven at an ordinary trot, and the defendant was not negligent in other respects, is properly refused.

Appeal from the Superior Court of Cook county; the Hon HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed July 9, 1912.

LACKNER, BUTZ & MILLER, for appellant.

PRINGLE, NORTHUP & TERWILLIGER, for appellee; EDWIN TERWILLIGER, JR., of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

The appellee, hereinafter called the plaintiff, recovered a judgment against the appellant, hereinafter called the defendant, in the sum of $950, in an action for damages on account of personal injuries.

From the record it would appear that the plaintiff alighted from a southbound Indiana avenue street car, in the city of Chicago, a short distance south of the intersection of Forty-eighth street; that following two other women she crossed over at the rear of the car to the east or northbound track, and walked north on the latter track until she was run upon by a wagon of the defendant, sustaining the injury on account of which recovery was had. The case was tried before a jury, which rendered a verdict for the amount of the judgment.

As ground for reversal it is urged by the appellant that the court should have directed a verdict; second, that the verdict was against the manifest weight of the evidence; third, that the court erred in giving a certain instruction as requested by the plaintiff, and in refusing to give three that were tendered by the defendant.

No motion was made by the defendant at the close of the plaintiff's evidence that the court direct a ver-

dict for the defendant. A motion was made at the close of all the evidence that the court direct such a verdict, but the usual practice of handing to the court a form of instruction was not observed. Without reference, however, to this technical objection made by the appellee here, we think that the motion was properly denied.

It appears uncontradicted in the record that the driver of the wagon knew that persons were alighting from the car which he was approaching; that the team of mules, with the wagon more or less heavily loaded, was upon the street car track, and that it was going at a rate of speed variously estimated at from five to fifteen miles an hour. The plaintiff testified, and it is not contradicted in the record, that she looked about her as she alighted from the car, and did not see the team approaching. It is a well known fact that a wagon with its wheels running in the steel tracks of a street railroad, even if heavily loaded, can be drawn at a faster rate of speed than in the ordinary highway or street. We think, therefore, that both questions, namely, as to the negligence of the defendant, if any, and the contributory negligence of the plaintiff, if any, were proper matters to be determined by the jury under all the circumstances. After a careful perusal of the record we are unable to say that the verdict is against the manifest weight of the evidence.

Instruction No. 32 offered by the plaintiff informed the jury that reasonable care and caution to avoid injury to pedestrians, which the law imposes upon drivers on the streets, requires that on approaching a place in the street where the circumstances and conditions are such that a reasonably careful and prudent driver ought reasonably to anticipate the appearance of persons on the street in front of him, the driver should exercise such a degree of care and watchfulness as is proportionate to the danger that ought to be anticipated by a reasonably careful and prudent

driver; and that this duty is required of a driver independently of the terms of any city ordinance as to speed. We think this instruction was properly given, in connection as it was with many other instructions tendered by the two parties to the suit. It does not direct a verdict, and does not, in our opinion, assume, as contended by the defendant, that the defendant's driver as he met the street car, the latter being then in motion more than 100 feet south of the south crosswalk of Forty-eighth street, ought to have anticipated the appearance of persons in front of his wagon on the northbound track.

Three instructions tendered by the defendant were refused, and error thereon is predicated. Two of these directed a verdict for the defendant, and each was based upon the assumption that the plaintiff did not look to the south for vehicles approaching on the northbound track, or upon the assumption that she did not pay any heed as to whether or not any vehicle was coming from that direction. As heretofore stated, the plaintiff testified that she looked to the south, and we have been unable to find any evidence in the record tending to indicate that she did not do so. We think, therefore, that the instructions were properly refused. The third instruction was to the effect that the verdict should be not guilty if the jury found from the evidence that just before the accident in question happened the defendant's wagon was being driven north in the east street car track of Indiana avenue at an ordinary trot, and that plaintiff stepped from behind a southbound street car and into the northbound track in front of the defendant's team and wagon and so near to it that the driver thereof was unable, by the exercise of ordinary care, to stop his team and wagon before striking the plaintiff, and that the driver exercised ordinary care in stopping the wagon. We think this instruction was properly refused, because knowing, as he did, that the street car was there and

passengers had been unloaded, it cannot be said that the driver was guiltless of negligence if he drove his team at such a rate of speed that he could not have stopped them within a very short distance. The jury, in our opinion, were fully advised by the many instructions tendered and given of the rules by which they should be guided in reaching their verdict.

We find in the record no error which should cause a reversal of the judgment, and the same is therefore affirmed.

*Affirmed.*